THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00209-MR-WCM

| | | |
|---|---|---|
| LOTZ INTERNATIONAL, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| NANCY BURNETTE, | ) | |
| SHANA MUSE, | ) | |
| MELISSA MCCLEAVE, | ) | |
| KARI BRASWELL, | ) | |
| JOHN DOE 1-5, *aka "Citizens* | ) | |
| *Against Corruption and Abuse"* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on "Plaintiff's Motion for Voluntary Dismissal" [Doc. 6] and Defendant Melissa McCleave's "Motion to Dismiss" [Doc. 4].

**I.    PROCEDURAL BACKGROUND**

On July 31, 2020, Plaintiff Lotz International, LLC ("Plaintiff") filed this action against Defendants Nancy Burnette, Shana Muse, Melissa McCleave, Kari Braswell, and "John Doe 1-5" (collectively "Defendants"). The Plaintiff claims defamation by the Defendants based on a variety of Facebook "posts" which the Plaintiff alleges falsely stated that two of the Plaintiff's businesses

are "owned, controlled or otherwise affiliated with WOFF [Word of Faith Fellowship Church],"[1] and that the Plaintiff's stores were "contributing to the spread of COVID-19," by having sick employees return to work or not following state and local guidelines. [Doc 1 at 5-6]. The Plaintiff also alleged Tortious Interference with Expected Economic Advantage and Violation of the North Carolina Unfair and Deceptive Trade Practices Act based on similar Facebook "posts." [Id. at 6-7].

On August 28, 2020, Defendant Melissa McCleave filed a Motion to Dismiss. [Doc. 4]. On September 1, 2020, Defendant Shana Muse filed an Answer. [Doc. 3].[2] After reviewing these documents, Magistrate Judge Metcalf *sua sponte* ordered the Plaintiff to file "a notice identifying all of its constitute members and the citizenship of each" based on the statement that one of Plaintiff's members, Samuel Pires, is a member of the Word of Faith Fellowship church in North Carolina which indicated that the parties may not be completely diverse. [Doc. 5 at 2-3].

---

[1] According to the Plaintiff "[f]or many years, disputes have arisen between WOFF and members of the community, many of which are controversial in nature" which is why this statement is defamatory. [Doc. 1 at 2].

[2] Defendant Shana Muse's Answer contained, in conclusion, a "Motion for Dismissal." [Doc 3 at 4]. However, because of the formatting of the Answer which does not include a proper motion to dismiss, the Court will proceed as if this was an answer. This does not affect the Court's conclusion regarding the propriety of dismissal.

2

In response, on September 9, 2020, the Plaintiff field the instant Motion for Voluntary Dismissal stating that "Plaintiff has discovered facts which may call into question this Court's jurisdiction." [Doc 6 at 1].

## II. DISCUSSION

Under Federal Rule of Civil Procedure Rule 41, a plaintiff may dismiss an action without prejudice at any point before the defendant either files an answer to the complaint or moves for summary judgement. Fed. R. Civ. P. 41(a)(1). After a defendant has filed an answer or moved for summary judgment a voluntary dismissal is permitted only by court order "on terms that the court considers proper" or by stipulation of the parties. Fed R. Civ. P. 41(a)(2); Marex Titanic, Inc. v. Wrecked and Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993).

"The primary force of [Rule] 41(a)(2) is to empower district courts to exercise discretion over voluntary dismissals." GO Computer, Inc. v. Microsoft Corp., 508 F.3d 170, 177 (4th Cir. 2007). Although the decision is discretionary, the Fourth Circuit has made it clear that a plaintiff's motion to dismiss without prejudice "should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1026 (4th Cir. 1986). In determining whether to grant a plaintiff's motion to dismiss, the Court should consider the following factors to consider whether the

3

Case 1:20-cv-00209-MR-WCM   Document 7   Filed 10/05/20   Page 3 of 5

defendant will suffer legal prejudice: "(1) the plaintiff's diligence in moving for a voluntary dismissal, (2) the stage of the litigation, including the defendant's effort and expense in preparing for trial, and (3) the adequacy of the plaintiff's explanation for the need to dismiss." <u>Fidelity Bank PLC v. N. Fox Shipping N.V.</u>, 242 F. App'x 84, 88–89 (4th Cir. 2007) (citations omitted).

Applying these factors to the present case, the Court concludes that a dismissal without prejudice would not substantially prejudice the Defendants. This action was only recently filed and extensive discovery or trial preparation has not yet begun. Furthermore, only one of the Defendants has filed an answer to the complaint [Doc. 3] while another Defendant also moved to dismiss [Doc. 4]. The Plaintiff's reasoning is that the Plaintiff "has discovered facts which may call into question this Court's jurisdiction." [3] [Doc. 6 at 1]. Lack of subject matter jurisdiction is a proper reason for a case to be dismissed without prejudice. <u>See</u> Fed R. Civ. P. 41(b). Therefore, the Court grant's the Plaintiff's Motion to Dismiss. Because Plaintiff's Motion is granted, Defendant's Motion to Dismiss is rendered moot.

---

[3] These "facts" are not cited but the Court believes that it is a response to the Magistrate Judge's order which may have helped the Plaintiff "discover" that they did not have complete diversity as required.

4

**ORDER**

**IT IS, THEREFORE, ORDERED,** that Plaintiff's Motion to Dismiss [Doc 6] is **GRANTED**. All of the claims are **DISMISSED WITHOUT PREJUDICE**. Defendant Melissa McCleave's "Motion to Dismiss" [Doc. 4] is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Signed: October 3, 2020

Martin Reidinger
Chief United States District Judge